RECEIVED

MAR 1 2 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO.: 03-20080 |
| VERSUS | JUDGE DOHERTY |
| JAMES NATHAN WALTON | MAGISTRATE JUDGE HILL |

ORDER

The Court is in receipt of Defendant's "Motion to Compel Specific Performance of Plea Agreement and for Substantial Assistance Pursuant to U.S.C. §3553(e), Fed. Rules Cr. Proc. Rule 35(b), 18 U.S.C.A, U.S.S.G. §5K1.1" [Doc. 1], and the government's response thereto.

Section 5K1.1 of the Federal Sentencing Guidelines allows the Court to depart from a Guideline Sentence prior to sentencing upon motion of the government. As defendant has already been sentenced, 5K1.1 is inapplicable.

Fed. Rule of Cr. Proc. 35(b) allows for a reduction of sentence after a defendant has already been sentenced. However, like §5K1.1, Rule 35(b) only allows the Court to reduce a sentence upon a motion by the government.

Likewise, 18 U.S.C.A. §3553(e) allows a Court to impose a sentence below the statutory minimum, but only upon motion of the government.

Additionally, a review of the Plea Agreement entered in this matter shows the parties agreed that any motion for reduction in sentence due to defendant's "substantial assistance" was left to the sole discretion of the United States. [Doc. 32, p 3, ¶ C]

Finally, as stated by the Supreme Court in Wade v. U.S., 504 U.S. 181, 185 (1992) "in both §3553(e) and §5K1.1 the condition limiting the courts authority *gives the Government a power, not a duty*, to file a motion when a defendant has substantially assisted." (emphasis added) The only exception to that rule of which this Court is aware is "that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion." Id., 185, 186. Defendant has presented nothing to the Court which would make this exception applicable

Due to the foregoing, defendant's Motion to Compel Specific Performance of Plea Agreement and for Substantial Assistance is DENIED.

SIGNED at Lafayette, Louisiana, this 12 day of March, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE